# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

STANLEY KEITH HYKE,

    Plaintiff,

vs.

LIEUTENANT STEENBLOCK,
UNKNOWN SERGEANT,

    Defendants.

No. C16-0009-LRR

ORDER

## I. INTRODUCTION

The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1) and complaint pursuant to 42 U.S.C. § 1983 (docket no. 1-1). The plaintiff submitted such application and complaint on January 13, 2016.

## II. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a

claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the information that the plaintiff provided, the court finds that the plaintiff is unable to submit an initial partial filing fee. *Id*. Nonetheless, the plaintiff shall be directed to "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

### III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from

such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. CLAIM ASSERTED

Currently confined at the Linn County Correctional Facility in Cedar Rapids, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to his confinement as a result of proceedings to revoke his probation. *See State v. Hyke*, Case # FECR109909 (Linn Cty. Dist. Ct. 2015).[1] Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the events giving rise to the instant action occurred in this district and the defendants are located in this district.

The statement of claim portion of the complaint is as follows:

> On the [26th] of Dec. 2015, [I was] placed in [ISO] for disciplinary action for 64 days. The cells in ISO have no place to [sit], to eat, write letters, do legal work, read, [etc]. It is cruel and unusual punishment to have to [sit] on the floor. Unusual to have to [sit] on the [toilet] to eat, etc. The bunk is

---

[1] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

> [too high], my feet [cannot] touch the [floor] to eat off of the bunk. So, I have to [sit] on the floor. It hurts my body to get up and down off the floor and it's real cold.

Additionally, the plaintiff's kite indicates that a sergeant denied the plaintiff's request to be placed somewhere that had a place to write letters, to do legal work or had a desk because he had been written up. And, the plaintiff's grievance response indicates that a lieutenant denied the plaintiff's request to move to a different cell because the plaintiff's cell had a bunk to sit on, write on and eat on, the plaintiff chose to sit on the floor and a discipline related incident required the plaintiff's placement in restricted housing. In the relief portion of the complaint, the plaintiff states that he wants tables in all of the cells in ISO and all of his debts/fines from the State of Iowa to be paid off.

## V. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the

4

Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claim

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. The plaintiff's allegations do not indicate that the defendants deprived the plaintiff of a constitutionally protected right. *See Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011) ("To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right."). Indeed, the plaintiff does not allege facts that demonstrate he suffered a deprivation of liberty that implicates his right to due process. *See Sandin v. Conner*, 515 U.S. 472, 483-86 (1995) (explaining that, to state a due process claim, a prisoner must allege facts that establish the complained of restraint on liberty imposes "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life"). A prisoner has no constitutional right to a particular housing unit, *see Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993), and a demotion to segregation, even without cause, is not itself an atypical and significant hardship, *see Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Because the allegations against the defendants are insufficient to state a cause of action under 42 U.S.C. § 1983, it is appropriate to dismiss with prejudice the plaintiff's action. *Cf. Ballinger v. Cedar Cty.*, 2016 U.S. App. LEXIS

(8th Cir. January 14, 2016) (concluding that keeping an inmate in solitary confinement for approximately one year did not violate the inmate's constitutional rights because the conditions he faced were not a dramatic departure from the basic conditions faced by all prisoners).

## VI. CONCLUSION

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The plaintiff is directed to submit make monthly payments of 20 percent of the preceding month's income credited to his account at the prison.

(3) The institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(5) The clerk's office is directed to file the complaint (docket no. 1-1) as a new entry without the prepayment of the filing fee.

(6) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(8) The clerk's office is directed to enter judgment in favor of the defendants.

**DATED** this 2nd day of February, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
Linn County Correctional Facility, Cedar Rapids, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Stanley Keith Hyke, #741243, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Hyke v. Steenblock et al.*, Case No. C16-0009-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has not assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Nonetheless,

> the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*K Jorgensen*, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa